UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 11-cr-20243
    Honorable Mark A. Goldsmith

ANDREAS BROOKS,

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO CLARIFY SENTENCE (Dkt. 102)**

Defendant Andreas Brooks pled guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Dkt. 84). He was sentenced to two years in prison and three years of supervised release. See 11/21/2016 Amended Judgment (Dkt. 101). This matter is now before the Court on Brooks's Motion to Clarify Sentence (Dkt. 102). For the reasons set forth below, the Court denies Brooks's motion.

    **I.    BACKGROUND**

On April 20, 2011, Brooks was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). See Indictment (Dkt. 3). The charge related to an October 25, 2009 incident when police found marijuana and a stolen firearm in Brooks's car. At the time, Brooks was on parole; he was returned to state custody in late 2010. After he was indicted on federal charges, Brooks consented to an order of detention pending trial. See Consent Order of Detention (Dkt. 6). Brooks remained incarcerated in state prison until February 5, 2014, at which

time he was transferred to federal custody. He was released on federal bond on February 6, 2014. See 2/6/2014 Order (Dkt. 78).

Brooks pled guilty to possession of a stolen firearm, 18 U.S.C. § 922(j), on March 20, 2014. See Plea Agreement (Dkt. 84). The guideline imprisonment range was 92 to 115 months' imprisonment. See 1/6/2016 Hr'g Tr. at 5 (Dkt. 106). At sentencing, which took place on January 6, 2016, the Government recommended a guideline range of 55 to 69 months. See id. at 8. The Court sentenced him to 36 months in prison and three years on supervised release. See Judgment (Dkt. 93). The Court later reduced Brooks's sentence to two years in prison and three years on supervised release (Dkt. 101). Brooks now argues that the Court failed to order his sentence to run concurrently with his state parole violation term and asks the Court to issue a second amended judgment. Def. Mot. at 1.

## II. ANALYSIS

Brooks argues that this Court has authority to correct its judgment under Federal Rule of Criminal Procedure 36, which provides that the court "may at any time correct a clerical error in a judgment, or, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Brooks states that the Court's failure to run his federal sentence concurrently with his state parole violation "has resulted in the Bureau of Prisons refusal to credit him any pre-trial detention credit but one day in the case herein;" that is, for the time he spent in federal custody on February 6, 2014. See Def. Mot. at 2-3; see also Sentence Monitoring Computation Data as of 09-05-2017, Ex. A to Def. Mot. (Dkt. 102). In support, Brooks cites Overton v. United States, No. 13-00023, 2013 WL 1965134 (M.D. Tenn. May 10, 2013).

The Government responds that this Court already took Brooks' time in state custody into account when sentencing him on January 6, 2016. See Gov't Resp. at 5 (Dkt. 109). Brooks'

original sentence was more than six years less than the maximum allowed by the Rule 11 Plea Agreement, and more than four years less than the low end of the advisory guideline range. Id. at 5-6. Thus, the Government argues, by sentencing Brooks to three years in prison, the Court was accounting for the time he had previously spent in state custody. Id.

The Government also argues that this Court does not have jurisdiction over Brooks' claim. Id. at 7. The Bureau of Prisons ("BOP"), not the sentencing judge, computes and applies the credit. Id. at 6-7. A prisoner may only seek judicial view of this computation after exhausting all available administrative remedies, and Brooks does not allege that he has done so. Id. at 7.

In his reply, Brooks asserts that he has exhausted all administrative remedies, and attaches several documents in support. Brooks also separately submitted additional documents that he says show his attempts "to get the BOP to honor the administrative remedy process." See Supp. Br. (Dkt. 115).

The Court declines to grant Brooks' requested relief. At sentencing, this Court commented on the time that Brooks spent in state custody:

> The Court believes that the sentence it will hand down shortly is a sentence that takes into account all of the factors and accomplishes the goals that the statute sets out. The Court takes into account as well all of the arguments that were advanced by Mr. Korn in his sentencing memorandum including the argument that the defendant did spend a considerable amount of time in state prison in a way that does relate to our case. Although he doesn't formally receive credit for that time, it was a significant period of time. I believe the actual calculation is 1,197 days or very close to that and under the guidelines, Section 5G1.3(b), the Court is permitted to take that into account and defense counsel also referenced a Sixth Circuit case that notes the same thing. That case is The United States v. Recla, 560 F3d, 539, a Sixth Circuit decision from 2009.

1/6/2016 Hr'g Tr. at 12. The Court did take into account Brooks' time spent in state custody, and for that reason handed down a sentence that was considerably less than both the suggested

3

guideline range and the Government's suggested sentence. Brooks' sentence was, therefore, not a clerical error that needs to be corrected.

Further, as the Government notes, this Court does not have jurisdiction over a claim for sentence credit. "The power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons, and a district court is therefore not authorized to award credit at sentencing." U.S. v. Noel, 372 Fed. App'x 586, 590 (6th Cir. 2010) (citing U.S. v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)) (internal quotations omitted). A prisoner who seeks to challenge the computation of his credit may seek administrative review and then, when he has exhausted his administrative remedies, may seek judicial relief pursuant to 28 U.S.C. § 2241. U.S. v. Smith, 145 F.3d 1334 at *1 (6th Cir. 1998) (citing U.S. v. Wilson, 503 U.S. 329, 335 (1992)).

The case that Brooks relies on, Overton v. United States, supports this principle. In Overton, the district court noted on the record at sentencing its intent that the defendant receive jail credit dating from the date of his arrest. 2013 WL 1965134 at *1. Nonetheless, the Bureau of Prisons did not give the defendant this credit, and the defendant later filed a "motion to clarify sentence." Id. at *2. The district court issued an order "reiterat[ing]" its intent that the defendant receive credit towards his federal sentence beginning on the date of his arrest, but noted that "the Bureau of Prisons is charged with computing jail credit for the defendant. The court merely reiterates its original intent so as to clarify any misunderstanding as to the intent of this court." Id. at *2-*3. The Bureau of Prisons, however, did not honor the Overton court's request and the defendant never filed a petition under 28 U.S.C. § 2241 to challenge the BOP's failure to do so. Id. at *3.

At best, then, Overton suggests that this Court could state an intent that the Bureau of Prisons award Brooks credit for time served. However, as discussed above, that is not this Court's

4

intent. Brooks' sentence, as this Court states on the record at sentencing, "takes into account all of the [sentencing] factors and accomplishes the goal that [18 U.S.C. § 3553] sets out." 1/6/2016 Hr'g Tr. at 12.

Additionally, although Brooks asserts that he has already exhausted his administrative remedies,[1] the instant motion is not the proper vehicle for Brooks to seek relief from the district court. The proper manner of challenging the Bureau of Prisons' decision is to file a motion pursuant to 28 U.S.C. § 2241, and to name his custodian – that is, the warden at the federal institution – as the respondent. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("[C]laims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."); see also Roman v. Ashcroft, 340 F.3d 314, 320 (6th Cir. 2003) ("[A] prisoner filing a habeas corpus petition should generally name as a respondent the warden of the prison where he is confined."); Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000) ("[W]e consider it settled beyond cavil that when a prisoner petitions for a writ of habeas corpus under 28 U.S.C. § 2241, he must name as the respondent the superintendent of the facility in which he is being held."). Brooks has not done so.

### III. CONCLUSION

---

[1] Brooks has filed a number of documents he argues show that he has exhausted all of his administrative remedies with the BOP. See Dkts. 111, 115, 122. The Court ordered supplemental briefing from the Government regarding these filings. See 1/19/2018 Order Requiring Gov't Resp. (Dkt. 119). The Government noted that Brooks had not exhausted his administrative remedies, as he had received a denial of his Regional Administrative Remedy Appeal in November that stated he "may appeal to the Office of General Counsel, Federal Bureau of Prisons[,]" and there was no indication that Brooks had done so. See Gov't Supp. Br. at 2-3 (Dkt. 121); Def. Supp. Br. at 4 (cm/ecf page) (Dkt. 115). However, Brooks later filed a copy of a denial he received from the General Counsel, Federal BOP, see Def. Resp. to Gov't Supp. Br. at 7-9 (cm/ecf page) (Dkt. 122), which indicates that he may now have exhausted all remedies. Regardless, for the reasons explained, this does not affect the disposition of the instant motion.

For the reasons provided, Defendant Brooks' motion to clarify sentence (Dkt. 102) is denied.

SO ORDERED.

Dated: April 12, 2018                                    s/Mark A. Goldsmith  
    Detroit, Michigan                              MARK A. GOLDSMITH  
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2018.

                                                        s/Karri Sandusky  
                                                        Case Manager